**TING YE, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

No. 06–5422–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Debora Gerads, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Ting Ye, a citizen of the People's Republic of China, seeks review of an October 31, 2006, order of the BIA affirming the May 3, 2005, decision of Immigration Judge ("IJ") Noel Ferris denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ting Ye,* No. A97 852 417 (B.I.A. Oct. 31, 2006), *aff'g* No. A97 852 417 (Immig. Ct. N.Y. City, May 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We reject Ye's argument that we should remand this case in light of *Tian Ming Lin v. U.S. Dep't of Justice,* 473 F.3d 48 (2d Cir.2007), and *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006). The documents presented in *Shou Yung Guo* were regionally specific, consisting of decisions from the Changle City and Fujian Province family-planning authorities and a handbook on family planning for Changle City. *See Shou Yung Guo,* 463 F.3d at 112–13. In discussing *Shou Yung Guo,* the Court in *Tian Ming Lin* recognized that the documents were relevant only to Fujian Province. *See Tian Ming Lin,* 473 F.3d at 51–52. Contrary to the statement appearing in Ye's brief to this Court that Fujian is her home province, it is clear from the record that Ye lived her entire life in Zhejiang Province until leaving China. Accordingly, a remand pursuant to *Tian Ming Lin* is not warranted in this case.

Ye makes no other arguments in her brief. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We decline to review any other issues presented to the BIA because Ye has failed to raise them and, upon a review of the record, we conclude that no manifest injustice will result if they are not considered.

Finally, we note that Ye's attorney, H. Raymond Fasano, submitted a brief stating that Ye is from Fujian Province, despite a record clearly demonstrating that she is from Zhejiang Province. The brief is thus devoted entirely to an irrelevant argument based upon this error of fact.

For the foregoing reasons the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.